IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WESLEY SHEPHERD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-0424-WS-B** |
| | ) | |
| **DAVID KELLEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss counterclaims.  (Doc. 11).  The defendants have filed a response and the plaintiff a reply, (Docs. 22, 23), and the motion is ripe for resolution.


**BACKGROUND**

The plaintiff filed a three-count complaint based on his alleged failure to receive appropriate compensation, in particular for his final week of work.  Count One alleges a failure to pay straight time under the FLSA.  Count Two alleges breach of contract.[1]  Count Three requests a declaration that the plaintiff is "entitled to receive overtime [sic] compensation" under the FLSA.  (Doc. 1).

The defendants answered the complaint and asserted three counterclaims, all based on the plaintiff's alleged use of the defendants' food, equipment and confidential information for his own gain, including by selling and catering to the defendants' customers.  Count One alleges that the plaintiff's conduct violated his fiduciary duties to the defendants.  Count Two alleges that the plaintiff's failure to

---

[1] This claim was dismissed on the plaintiff's motion without objection from the defendants.  (Docs. 10, 16, 21).

disclose his conduct constituted fraud and deceit.  Count Three alleges that the plaintiff's conduct violated a non-disclosure agreement he executed.  (Doc. 8).

### DISCUSSION

The plaintiff presents four arguments in support of his motion to dismiss the counterclaims:  (1) the Court lacks original jurisdiction over them; (2) the Court lacks supplemental jurisdiction over them; (3) the Court should decline to exercise any supplemental jurisdiction it possesses; and (4) the counterclaims constitute prohibited setoffs.  The first two are dispositive.

### A.  Original Jurisdiction.

None of the counterclaims implicate federal law.  The plaintiff is a citizen of Alabama, (Doc. 1 at 1), as the defendants apparently are.[2]  Moreover, the counterclaims demand recovery of $50,000, well below the jurisdictional minimum.[3]  The counterclaims do not independently invoke the Court's original jurisdiction, and the defendants do not assert otherwise.

### B.  Supplemental Jurisdiction.

Given the Court's unquestioned original jurisdiction over the plaintiff's FLSA claim, supplemental jurisdiction extends to "all other claims that are so related to claims in the action within such original jurisdiction that they form part

---

[2] Although the pleadings do not address the defendants' citizenship, the summonses were directed to them at a Daphne, Alabama address, and they were physically served at that address.  (Docs. 4, 5).

[3] Count Three contains no numerical ad damnum, but there is no reason to suppose that the value of receiving the requested declaratory relief exceeds the $50,000 in compensatory and punitive damages sought by Counts One and Two for the same conduct.

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This includes counterclaims. *E.g., Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76 (1st Cir. 2010).

Prior to the 1990 enactment of Section 1367, "a federal court [could] not consider a permissive counterclaim unless the counterclaimant assert[ed] an independent jurisdictional basis." *East-Bibb Twiggs Neighborhood Association v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989). If that rule survived Section 1367, it would limit supplemental jurisdiction to compulsory counterclaims, that is, those "aris[ing] out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1).

The Eleventh Circuit apparently has not addressed the impact of Section 1367 on permissive counterclaims. *See James D. Hinson Electrical Contracting Co. v. Bellsouth Telecommunications, Inc.*, 2011 WL 2448911 at *2 (M.D. Fla. 2011) (noting the Eleventh Circuit's silence). All three appellate courts known to have done so, however, have concluded that Section 1367 extends supplemental jurisdiction to permissive counterclaims, so long as those counterclaims make up part of the same Article III case or controversy. *Global NAPs*, 603 F.3d at 75, 87; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2nd Cir. 2004); *Channell v. Citicorp National Services, Inc.*, 89 F.3d 379, 385 (7th Cir. 1996). The "case or controversy" standard of Section 1367 "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

The plaintiff correctly labels the defendants' counterclaims as permissive. (Doc. 11 at 1). That is not dispositive under the authorities cited above. However, as the parties invoking federal jurisdiction, the defendants bear the burden of demonstrating that their counterclaims arise out of a common nucleus of operative fact with the plaintiff's FLSA claim and/or breach of contract claim. *Sweet Pea*

*Marine, Ltd .v. APJ Marine,  Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").[4]

The sum total of the defendants' attempt to satisfy this burden is their assertion that "the fact of Plaintiff's employment, and his entitlement to wages during Plaintiff's final weeks, are interrelated to Defendants' counterclaims that Plaintiff was using company resources for his own personal benefit, which ultimately led, in large part, to Plaintiff's termination." (Doc. 22 at 2).  This is only a conclusory statement, not an explanation.  There is no assertion in the counterclaims or in brief that the plaintiff's alleged conduct somehow forfeited his right to earned wages.  There is not even an allegation that the defendants withheld the plaintiff's wages in retaliation for his conduct.[5]

In applying the "common nucleus" test, "[w]e take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, ___ F.3d ___, 2012 WL 5835120 at *8 (11th Cir. 2012).  The nucleus of operative fact for the plaintiff's claims is that he worked and was not paid.  The nucleus of operative fact for the defendants' counterclaims is that the plaintiff used property of the defendants without their permission.  The only overlapping fact in this nucleus is that the plaintiff was employed by the defendants.  The defendants' cursory treatment includes no citation to any authority, much less to any authority that extends so far the concept of "same case

---

[4] The plaintiff suggests the defendants cannot tie supplemental jurisdiction to his contract claim because he has dismissed it. (Doc. 23 at 2-3).  The counterclaims were filed before the contract claim was dismissed.  The plaintiff has not explained how he can retroactively negate supplemental jurisdiction by dismissing a claim to which supplemental jurisdiction has already attached, and the Court will not develop such an argument on the plaintiff's behalf.

[5] The quoted statement affirmatively contradicts the counterclaims, which allege that the plaintiff resigned, not that he was terminated. (Doc. 8 at 3).

4

or controversy," and the Court declines to conduct the necessary research on their behalf.

## CONCLUSION

The defendants have not met their burden of demonstrating the existence of subject matter jurisdiction over their counterclaims. Accordingly, and for the reasons set forth above, the plaintiff's motion to dismiss counterclaims is **granted**. The defendants' counterclaims are **dismissed without prejudice**.

DONE and ORDERED this 8th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE